SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**TRAVIS HUDDY, MSB #0389421**
Assistant United States Attorney
Travis.Huddy@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-mj-00267** |
| **v.** | **RESPONSE TO DEFENSE MOTION FOR REVOCATION OF DETENTION** |
| **MICHAEL CARTER,** | |
| **Defendant.** | |

The United States submits the following brief in support of its request for this Court to deny Defendant's Motion to Revoke the Detention Order. As any appeal must occur before the Northern District of New York.

## I. Background

On October 1, 2026, Michael Carter (herein "Defendant") was arrested in the District of Oregon pursuant to a warrant emanating from a bank fraud conspiracy in the Northern District of New York. As noted in Defendant's Motion for Review, the United State sought detention based on risk of flight, specifically based on minimal ties to Oregon, other ongoing criminal matters, and

previous failures to appear. After the Court approved a detention hearing, the United States argued that there were not conditions that would reasonably assure appearance and protect public safety. It is important to clarify that the United States referenced the supporting factors of flight risk, but it also referenced public safety concern. Notably, the criminal complaint alleges that the conspiracy is gang related. Although the referenced indictment is focused on an extensive bank fraud, the complaint alleges that members of the referenced gang "are often involved in violent criminal acts, including murder, narcotics distribution, and various fraud schemes that net a significant amount of money for the gang." (Criminal Complaint p. 9).

Regardless of the specific legal arguments for the detention, the Northern District of New York has original jurisdiction over the matter and the detention order must be reviewed there.

## II. Legal Standard

Jurisdiction over the review of the detention order issued by this Court lies with the Northern District of New York, rather than with a judge in this District, because the Northern District of New York has original jurisdiction over the charged offenses, pursuant to 18 U.S.C. § 3145(b). That section provides that:

> (b) Review of a detention order – If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, *with the court having original jurisdiction over the offense*, a motion for revocation or amendment of the order.

(emphasis added).

This logic has previously been followed in analysis of an appeal of a release order under section 3145(a), which "makes clear that the ultimate authority lies with the district that has the primary interest in the question—the district in which the prosecution is pending." *United States*

*v. El Edwy*, 272 F.3d 149, 153 (2d Cir. 2001). *See also United States v. Evans*, 62 F.3d 1233 (9th Cir. 1995) (holding that the authority to review magistrate judge's detention order resides with the district court where the prosecution is pending).

Additionally, when read in tandem with provisions of Rule 5 which contemplate arrest in a district other than where the offense was allegedly committed, it becomes all the more clear that Congress intended the district court in which the prosecution is pending to be "the court having original jurisdiction over the offense." 18 U.S.C. § 3145. Pursuant to Rule 5(c)(3)(D), upon the defendant's initial appearance in a district other than where the offense was allegedly committed, "the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant . . . ; and (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant." The procedural guides under Rule 5, it seems, are designed to insure the person's appearance in the district where the prosecution is pending. *See also* Fed.R.Crim.P. 5(c)(3)(E) ("[W]hen a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed.").

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

The defendant is currently charged in the Northern District of New York and his prosecution is pending in that district. Thus, it is reasonable to conclude that the Northern District of New York holds the primary interest in determining whether the defendant shall be detained or released. Therefore, Defendant's Motion to the District of Oregon to Revoke the Detention Order must be denied.

Dated: October 5, 2026

Respectfully submitted,

SCOTT E.BRADFORD
United State Attorney

*/s/ Travis Huddy*
TRAVIS HUDDY, MNSB #0389421
Assistant United States Attorney